**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JAMES J. DUNN,

                          Plaintiff,

      - v -                                      Civ. No. 9:06-CV-145
                                                        (TJM/RFT)

NEW YORK STATE DIVISION OF PAROLE,
*Executive Department*,

                          Defendant.

**APPEARANCES:**                                **OF COUNSEL:**

JAMES J. DUNN
Plaintiff, *Pro Se*
96-B-1034
Gowanda Correctional Facility
P.O. Box 311
Gowanda, NY 14070

HON. ANDREW M. CUOMO                    DAVID FRUCHTER, ESQ.
Attorney General for the State of New York     Assistant Attorney General
Attorney for the Defendants
The Capitol
Albany, NY 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      *Pro se* Plaintiff James J. Dunn brings this civil rights action, pursuant to 42 U.S.C. § 1983, asserting that his Fifth and Fourteenth Amendment due process rights were violated when he was denied parole at a Parole Board ("Board") hearing. Dkt. No. 1, Compl. Generally, Dunn asserts two bases for his claim: (1) the Board failed to adhere to its own rules and regulations under New York law; and (2) N.Y. EXEC. L. § 259-i is unconstitutional on its face because it allows the Board to "keep their methods and procedures under wraps." Compl. at pp. 1 & 24. Regarding the Board's

alleged failure to follow its own regulations, Plaintiff asserts that the Board (1) made a decision based upon facts unsupported by the record; (2) failed to set forth an adequate explanation for their denial; (3) did not provide Plaintiff with recommendations regarding steps he should take to be released; (4) made a decision that did not comply with N.Y. EXEC. L. § 259 *et seq.* nor N.Y. COMP. CODES R. & REGS. tit. 9, § 8002.3(b); and (5) made a decision based on a fundamental misunderstanding of its role and power. *Id*. at p. 25.  Plaintiff seeks injunctive relief in the form of a *de novo* hearing before a new panel, and requests that the Court compel the Board to stop using unconstitutional procedures and to abide by the governing rules and regulations. *Id*. at p. 26.

Presently before the Court is Defendant's Motion for Summary Judgment, which the Plaintiff opposes.[1] Dkt. Nos. 18-20.  For the reasons stated herein, it is recommended that the Defendant's Motion be **granted** and the Complaint be **dismissed**.

## I. FACTUAL BACKGROUND

The following facts were derived mainly from the Defendants' Statement of Material Facts, submitted in accordance with N.D.N.Y.L.R. 7.1, which were not, in their entirety, specifically countered nor opposed by Plaintiff.  *See* N.D.N.Y.L.R. 7.1(a)(3) ("<u>Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party.</u>" (emphasis in original)).  In any event, most, if not all, of the material facts are not in dispute, but rather, the issue is whether those facts give rise to constitutional violations.

Plaintiff was denied parole release after a July 12, 2005 appearance before the Board. Dkt.

---

[1] In his Response, Plaintiff takes issue with the Court's March 12, 2008 Order permitting Defendant the opportunity to file a dispositive motion no later than March 26, 2008. Dkt. No. 19, Pl.'s Resp. at pp. 8-9. However, the Court has the power to modify its own scheduling orders as it sees fit. *See* N.D.N.Y.L.R. 72.2(a) ("[T]he Magistrate Judge . . . is authorized to . . . enter scheduling orders, and modify scheduling orders."). The Court notes that Defendant filed his Motion on March 26, 2008 in conformance with the Court's Order.

No. 18, Def.'s Mot. for Summ. J., 7.1 Statement at ¶ 1. On July 11, 2007, Plaintiff appeared again before the Board and was again denied parole release on July 23, 2007. *Id*. at ¶ 2. Plaintiff filed an administrative appeal from that July 23, 2007 denial. *Id*. at ¶ 3. On March 13, 2008, Plaintiff's administrative appeal was rejected and the parole denial was affirmed. *Id.* at ¶ 4.

## II. DISCUSSION

### A. Standard of Review

Pursuant to FED. R. CIV. P. 56(c), summary judgment is appropriate only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "When a party has moved for summary judgment on the basis of asserted facts supported as required by [Federal Rule of Civil Procedure 56(e)] and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party." *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d Cir. 1992).

To defeat a motion for summary judgment, the non-movant must "set forth specific facts showing [that there is ]a genuine issue for trial," and cannot rest "merely on allegations or denials" of the facts submitted by the movant. FED. R. CIV. P. 56(e); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord*

*Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994).  To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant.  *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998).  "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them.  Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution."  *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).  Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest."  *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995).  Nonetheless, mere conclusory allegations, unsupported by the record, are insufficient to defeat a motion for summary judgment.  *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).

### B.  Due Process Claims

Plaintiff claims that his due process rights under the Fifth and Fourteenth Amendments were violated when the Board denied his parole application. The Fourteenth Amendment's Due Process Clause "requires that, generally, a person must be afforded the opportunity for a hearing prior to

being deprived of a constitutionally protected liberty or property interest." *Patterson v. City of Utica*, 370 F.3d 322, 329 (2d Cir. 2004). "In order for a state prisoner to have an interest in parole that is protected by the Due Process Clause, he must have a legitimate expectancy of release that is grounded in the state's statutory scheme." *Barna v. Travis*, 239 F.3d 169, 170 (2d Cir. 2001) (citing, *inter alia, Greenholtz v. Inmates of the Nebraska Penal and Corr. Complex*, 442 U.S. 1, 11-13 (1979)). The Second Circuit Court of Appeals has held that given the broad discretion granted the Board to decide parole applications in N.Y. EXEC. L. § 259-i(2)(c),[2] and N.Y. COMP. CODES R. & REGS. tit. 9 § 8001.3(a),[3] New York's "parole scheme is not one that creates in any prisoner a legitimate expectancy of release" because its "'parole provisions . . . do not establish a scheme whereby parole shall be ordered unless specified conditions are found to exist.'" *Id.* at 171 (quoting *Boothe v. Hammock*, 605 F.2d 661, 664 (2d Cir. 1979)). Therefore, prisoners "have no libery interest in parole, and the protections of the Due Process Clause are inapplicable." *Id*. As such, prisoners seeking redress for alleged violations of procedural requirements regarding parole should direct their claims to the state courts. *Boothe v. Hammock*, 605 F.2d at 664-65.[4]

---

[2] N.Y. EXEC. L. § 259-i(2)(c) states, in pertinent part:

[d]iscretionary release on parole shall not be granted merely as a reward for good conduct or efficient performance of duties while confined but after considering if there is a reasonable probability that, if such inmate is released, he will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society and will not so deprecate the seriousness of his crime as to undermine respect for law.

[3] N.Y. COMP. CODES R. & REGS. tit. 9 § 8001.3(a) states, in pertinent part, that the Board's guidelines "are based on only two major factors–crime severity and past criminal history. They are intended only as a guide, and are not a substitute for the careful consideration of the many circumstances of each individual case."

[4] The Court is aware of a line of cases in the Second Circuit supporting the proposition that even though prisoners in New York State have no state-created liberty interest in parole, the Due Process Clause nonetheless protects them against "arbitrary and capricious" decisions made by the Board. *See Rodriguez v. Greenfield*, 7 Fed. Appx. 42, 44-45 (2d Cir. Mar. 23, 2001) (unpublished opinion); *Boddie v. New York State Div. of Parole*, 285 F. Supp. 2d 421, 428 (S.D.N.Y. 2003) (cited in *Morehouse v. Alexander*, 2008 WL 4822231, at *5 (N.D.N.Y. Nov. 3, 2008) and *Almonte v.*
(continued...)

Therefore, because Plaintiff has no liberty interest, it is recommended that his due process claims be **dismissed**.[5] *Krebs v. Spitzer*, 2008 WL 2003852, at *3 (N.D.N.Y. May 7, 2008) (citing *Larocco v. New York State Div. of Parole*, 2006 WL 1313341, at *2 (N.D.N.Y. May 12, 2006)).

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Defendant's Motion for Summary Judgment (Dkt. No. 18) be **GRANTED**, and the Complaint (Dkt. No. 1) be **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

---

[4](...continued)
*New York State Div. of Parole*, 2006 WL 149049, at *2 (N.D.N.Y. Jan. 18, 2009) (plaintiff's "challenge is . . . limited to whether he was denied parole for arbitrary or impermissible reasons" (citing *Meachum v. Fano*, 427 U.S. 215, 226 (1976)). Indeed, the Second Circuit suggested in *Rodriguez v. Greenfield*, an unpublished opinion, that a § 1983 due process claim may lie if the Board improperly applies state regulations. 7 Fed. Appx. at 45 (citing *Monroe v. Thigpen*, 932 F.2d 1437, 1442 (11th Cir. 1991)). However, as the Honorable Shira A. Scheindlin, District Court Judge in the Southern District of New York correctly points out, "[t]he existence of a constitutionally cognizable life, liberty, or property interest is the prerequisite for a constitutional standard of adequate process." *Gordon v. Alexander*, 2009 WL 29603, at *5 (S.D.N.Y. Jan. 5, 2009). Because the Second Circuit has categorically denied the existence of a state-created liberty interest in parole for New York State prisoners, *Barna v. Travis*, 239 F.3d at 170, there is no basis for the application of Due Process Clause safeguards. Recently, this principle was reinforced in *Borcsok v. Crowe*, 2009 WL 393618 (2d Cir. Feb. 18, 2009) (unpublished opinion).

[5] Because we find Plaintiff's due process claims should fail, we need not address Defendant's argument that this action is moot.

Date:   February 20, 2009
           Albany, New York

                                                                     _____
                                                                       RANDOLPH F. TREECE
                                                                       United States Magistrate Judge